PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of Greene County. The judgment overruled the appellants’ plea in bar based upon the statute of limitations. We affirm.
On February 6, 1960, the appellee obtained a decree of the Chancery Court of Greene County awarding to it injunctive relief as well as a monetary judgment in the sum of $750. Thereafter, the defendants, appellants here, feeling aggrieved by the decree, perfected an appeal to this Court. In so doing they posted a bond styled “Appeal Bond Without Supersedeas’’ in the sum of $500. On May 3, 1960, they posted a second bond which was styled “Appeal Bond With Supersedeas” in the amount of $2,000, the condition of both bonds being to pay all costs if the case was affirmed. The case was subsequently affirmed. The mandate of this Court with reference to the bonds was that the appel-lee have judgment thereon for the costs. There was no indication that the bonds were liable for the amount of judgment as required of supersedeas bonds by Mississippi Code 1942 Annotated section 1973 (1956).
The appellee filed its declaration in this suit on the judgment on December 2, 1968, the basis of the declaration being the decree rendered on February 6, 1960, to which the defendants filed their plea in bar seeking a dismissal by reason of the seven-year statute of limitations.
The appellants contend that the latter bond did not meet the requirements of a valid supersedeas since it failed to include the conditions imposed by Mississippi Code 1942 Annotated section 1163 (1956), particularly the portion thereof which requires that the bond be “conditioned that the appellant will satisfy the judgment or decree complained of * * *.” Therefore, they assert that the limitation imposed by Mississippi Code 1942 Annotated section 735 (1956) was not tolled by the defective su-persedeas bond. The provisions of this section are:
A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time; but the time during which the execution of a judgment or decree shall be stayed or enjoined by su-persedeas, injunction or other process, shall not be computed as any part of the period of seven years.
It is the opinion of the Court that the appellants, having obtained the bond styled “Appeal Bond With Supersedeas” in an amount sufficient to effect supersedeas and having appealed thereon with the benefit of supersedeas which stayed the execution of the judgment, are now estopped from changing their position and contending that this bond did not toll the statute of limitations. Great Atlantic & Pacific Tea Co. v. Majure, 176 Miss. 356, 168 So. 468 (1936). See also Planters Bank v. Garrott, 239 Miss. 248, 122 So.2d 256 (1960). For discussion of this principle see 120 A.L.R., Estoppel to Deny Liability, subsection IV, 1067 (1939).
We are of the opinion that the judgment of the circuit court in overruling the plea in bar should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and INZER, SMITH, and ROBERTSON, JJ., concur.